IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WADDLE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN CHERYL PRICE and THE )<br>ATTORNEY GENERAL OF THE )<br>STATE OF ALABAMA, )<br>)<br>Respondents. ) | 2:05-cv-02350-SLB-JEO |

### MEMORANDUM OPINION

The petitioner, Michael Waddle, filed this petition for a writ of habeas corpus on November 15, 2005, challenging his 1983 conviction and sentence of murder received in the Madison County Circuit Court, pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] Upon consideration, the court finds that the petition is due to be dismissed with prejudice.

### BACKGROUND

As just noted, the petitioner was convicted in 1983 and sentenced to life imprisonment on his murder conviction. The petitioner has previously filed two federal habeas corpus petitions that have been denied. (Doc. 7, Ex. A at 3; Doc. 12-1). On or about September 15, 2005, the petitioner filed an application with the Eleventh Circuit Court of Appeals for leave to file a successive habeas corpus petition with this court. On October 12, 2005, the Eleventh Circuit Court of Appeals denied the petitioner's application. The court concluded that "[t]o the extent that Waddle either did not file a previous § 2254 petition, or filed a previous § 2254 petition that was not denied with prejudice, we deny authorization as unnecessary. . . ." (Doc. 7, Ex. B at 2

---

[1] References herein to "Doc. ___" are to the electronic filing numbers located at the top of the documents.

(citation omitted)). It further stated that to the extent that permission to proceed was necessary, "Waddle has failed to demonstrate that his claims meet the requirements for filing a second or successive § 2254 motion. . . ." *Id*. at 3 (citation omitted). *See* 28 U.S.C. § 2244(b)(2)(A). (Doc. 7, Ex. B at 2-3).

Despite the finding of the Eleventh Circuit, the petitioner filed the present petition. He alleges that (1) the prosecution improperly used a "hypnotic process" in a suggestive and impermissible manner which led to his identification by a witness; (2) his Fourteenth Amendment due process rights were violated; (3) the trial jury was improperly selected and impaneled; (4) he is actually innocent; and, (5) trial counsel "should have argued diligently to use testimony of the result of a credible [polygraph] test." (Doc. 1, Brief in Support of Motion, at pp. 1-11). The respondents have moved to dismiss the petition, asserting that it is an improper successive petition.

On March 9, 2007, the magistrate judge assigned this matter caused the Clerk of the Court to conduct a records search concerning the petitioner's previous filings. The Clerk was unable to locate any record of previous filings by the petitioner concerning this conviction. Accordingly, the magistrate judge instructed the petitioner to provide the court within eleven (11) days with any documents demonstrating his previous case or cases including the caption, case number, or disposition. Additionally, the magistrate judge required the petitioner to show cause why the present petition is not barred by the applicable statute of limitations. *See* 28 U.S.C. § 2244(d). The respondents have filed a supplement to their motion to dismiss the petition. (Doc. 12). In the supplement, they have submitted partial records from the petitioner's earlier filings in this court in *Michael Wayne Waddle v. Warden Boutwell, et al.,* CV No. 85-A-5759-NE and

*Michael Wayne Waddle v. State of Alabama*, CV No. 87-A-5055-NE.  The petitioner has filed a response but does not address the issue of whether this petition is a prohibited successive petition.  (Doc. 13).

Upon request of the court, the Clerk has obtained the archived files in the petitioner's previous cases.  In the first matter, *Michael Wayne Waddle v. Warden Boutwell, et al.,* CV No. 85-A-5759-NE, the petitioner challenged the same murder conviction he seeks to address in the present matter.  The petitioner was denied relief on April 22, 1986, because the matters raised therein were procedurally defaulted.  In the second matter, *Michael Wayne Waddle v. State of Alabama*, CV No. 87-A-5055-NE, the petitioner again challenged his murder conviction.  He was again denied relief on July 29, 1987, on the merits.

## DISCUSSION

Section 2244 of Title 28 of the United States Code 2244 reads, in pertinent part, as follows:

>  (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>  (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>> (ii) the facts underlying the claim, if proven and viewed in

>light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that but for a constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
>(3)(A) Before a second or successive application permitted by this section is filed in district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
>(B)  A motion in the court of appeals for an order authorizing the filing of a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. § 2244(b).

The Eleventh Circuit Court of Appeals has specifically denied the petitioner permission to bring this successive petition.  Thus, the petition is due to be dismissed.

To the extent that the petitioner argues that he should be allowed to proceed in this action because the earlier actions were dismissed without prejudice, the record indicates otherwise.[2]  As stated previously, the petitioner's first case, *Michael Wayne Waddle v. Warden Boutwell, et al.,* CV No. 85-A-5759-NE, was denied on the merits on April 22, 1986.[3]  (Doc. 12-2).  It unequivocally was not dismissed without prejudice as he asserts.  Similarly, the second action, *Michael Wayne Waddle v. State of Alabama*, CV No. 87-A-5055-NE, was denied on the merits by this court and the appeal was dismissed by the Eleventh Circuit Court of Appeals as being frivolous on January 22, 1988.[4]  (Doc. 12-4).

---

[2] Specifically, the petitioner argues that the order of the Eleventh Circuit Court of Appeals "was 'not' a denial of permission, but a denial that your Petitioner 'needed' permission from said court, as he has never been denied with prejudice." (Doc. 9, p. 1).

[3] The court notes that this dismissal is consistent with the petitioner's representation in his "Amended Petition" challenging his conviction that his first petition related to this matter was "denied" in "'87" by this court. (Doc. 3 at ¶ 11(b)(1)-(6)).

[4] The court again notes that this dismissal is consistent with the petitioner's representation in his "Amended Petition" that his second federal petition related to this matter was "denied" in "1989" by this court.  *Id*. at ¶ 11(c)(1)-(6).

## CONCLUSION

Premised on the foregoing, the court finds that the present petition is due to be dismissed with prejudice. An order consistent with the court's findings will be entered.

**DONE,** this the 30th day of March, 2007.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE